PORT CITY LEASING, Plaintiff-Appellee, *v.* ARMAND LOFFREDO *et al.,* Defendants and Counterplaintiffs-Appellants—(Armand Loffredo, Counterplaintiff-Appellant).

Third District   No. 82—572

Opinion filed May 17, 1983.

Daniel Lampitt, of Morton, for appellants.

Steven J. Rosenberg, of Chicago, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

Defendants-counterplaintiffs, Armand Loffredo and Catheryne Loffredo, appeal from orders of the circuit court of Tazewell County granting plaintiff's action for replevin on certain printing equipment and awarding summary judgment for $6,534.30 plus interest and costs for delinquent payments pursuant to a franchise agreement. The original franchise agreement was between Quickprint, Inc., an Ohio corporation, and the defendants; however, a subsequent agreement was made between the defendants and plaintiff-counterdefendant, Port City Leasing, an affiliate of Quickprint with the same undisclosed owners for the actual supply of the printing equipment. The defendants' attempt for rescission of the equipment lease agreement on the grounds of violations of the Franchise Disclosure Act (Ill. Rev. Stat. 1981, ch. 121½, par. 701 *et seq.*) failed despite evidence of a certificate of noncompliance issued by the office of the Attorney General of Illinois.

Prior to the sale of the franchise for $15,000, Quickprint presented Loffredo with a disclosure statement which failed to disclose the affiliation between Quickprint, Inc., and Port City Leasing and failed to disclose that Port City Leasing would derive income as an affiliate when leases were made through it. These facts should have been disclosed in the disclosure statement and constituted *prima facie* evidence of an omission to state material facts as required by the Illinois Franchise Disclosure Act.

■ In the event that a sale of a franchise is made in violation of the Act, the statute allows the franchisee to rescind the transaction and recover all amounts paid, together with interest less profits made plus attorney fees.

Port City Leasing sought to attack the allegation of a statutory violation by alleging that the Loffredos (1) knew of the affiliation at the time of entering into the agreements, and (2) that the failure to make the disclosures did not result in any harm to them and therefore rescission should not be allowed.

The Loffredos contend that these allegations amount to an attempt by Port City Leasing to create their own private exemptions which are neither recognized nor sanctioned by the provisions of the Franchise Disclosure Act. Specifically, the Loffredos contend that there is nothing in the Act which suggests that the failure to make a

required disclosure must be accompanied by resulting harm to the franchisee before a violation is shown and a rescission allowed.

The Franchise Disclosure Act provides in part:

> "(1) The General Assembly finds and declares that the widespread sale of franchises is a relatively new business phenomenon which has created numerous problems in Illinois. Illinois residents have suffered substantial losses where the franchisor or his representative has not provided full and complete information regarding the franchisor-franchisee relationship, the details of the contract between the franchisor and franchisee, the prior business experience of the franchisor and other factors relevant to the franchise offered for sale.
>
> (2) It is the intent of this Act: (a) to provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered for sale; and (b) to protect the franchisee and the franchisor by providing a better understanding of the business and the legal relationship between the franchisor and the franchisee." Ill. Rev. Stat. 1981, ch. 121½, par. 702.

The Act further provides that:

> "Every sale of a franchise made in violation of this Act shall be voidable at the election of the franchisee or subfranchisor as provided in subsection (b) of this Section. The franchisor, subfranchisor, franchise broker, salesperson or other person on behalf of whom such sale was made or who shall have participated or aided in any way in making such sale shall be jointly and severally liable to such franchisee or subfranchisor for (1) the full amount paid, together with interest at the legal rate from the date of payment less any income received on the franchise and (2) reasonable attorney's fees." Ill. Rev. Stat. 1981, ch. 121½, par. 721(2)(a).

Finally the Act provides that:

> "In any civil or criminal action brought under this Act, a certificate under the seal of State, signed by the Administrator, stating non-compliance with the provisions of this Act, shall constitute prima facie evidence of such non-compliance with the provisions of this Act and shall be admissible in any such action. ***" Ill. Rev. Stat. 1981, ch. 121½, par. 724.

The evidence in the record discloses that Port City Leasing operated out of post office boxes in the Toledo, Ohio, area. The purported manager of Port City Leasing, C. S. Hartman, was not a living person, but a pseudonym used by various secretarial personnel. Port City

Leasing had no employees, but subcontracted all services. Both Quickprint, Inc., and Port City Leasing were owned and operated by A. C. Hazlewood, Jr., and John McKisson.

Despite the foregoing, Port City Leasing contends that the Loffredos are merely using this information in an attempt to escape their liability for past due installments under the franchise lease agreements. It is true that the Loffredos were in admitted default on their payments. It is also true that both Mr. and Mrs. Loffredo could not offer any specific change in their original course of action had they known of the affiliation between Quickprint, Inc., and Port City Leasing.

In conjunction with appellee's motion for summary judgment, Port City Leasing sought to have the Loffredo counterclaim dismissed on the grounds that the applicable statute of limitations had passed thereby barring recovery.

Section 22 of the Franchise Disclosure Act provides:

"No action shall be maintained to enforce any liability created under this Act unless brought before the expiration of 3 years after the act or transaction constituting the violation, the expiration of one year after the discovery of the fact constituting the violation or 90 days after delivery to the franchisee or subfranchisor of a written notice disclosing the violation. No cause of action barred under existing law on the effective date of this Act shall be revived by this Act. Every cause of action under this Act survives the death of any person who might have been a plaintiff or defendant." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 121½, par. 722.

Appellee argues that Loffredo first raised the nondisclosure issue in his counterclaim nearly three years after he became aware of the relationship between Quickprint and Port City Leasing. As such, it is argued his claim was nearly two years late and therefore barred by the explicit terms of the statute.

■ With respect to whether Loffredo brought his claims within one year of learning of the affiliation of Quickprint and Port City Leasing, we have previously held that knowledge of Franchise Disclosure Act violations presents mixed questions of law and fact on which laymen are entitled to acquire their first knowledge from an attorney. (*Brenkman v. Belmont Marketing, Inc.* (1980), 87 Ill. App. 3d 1060, 410 N.E.2d 500.) We believe, therefore, that appellee's challenge on the basis of the applicable statute of limitations is not well taken.

■ Finally, we conclude that in view of the many triable questions of fact which remain bearing upon the statutory right to rescind

the agreement, it is impossible to affirm the circuit court's decision to grant summary judgment in the case at bar.

Reasonable minds could certainly differ as to when the Loffredos had knowledge of the affiliation of Quickprint and Port City Leasing, and whether it would have made any difference to the Loffredos anyway. The certificate of noncompliance only makes out a *prima facie* case for the Loffredos; evidence of compliance or whether there were material omissions of fact remained to be determined. We find no error in the granting of plaintiff's appropriate request for replevin of its property. (*Brenkman v. Belmont Marketing, Inc.* (1980), 87 Ill. App. 3d 1060, 1065, 410 N.E.2d 500, 504.) However, the judgment entered by the circuit court of Tazewell County denying the counterplaintiff Loffredos' suit for rescission and the entering of judgment for counterdefendants in the sum of $6,543.30 plus interest and costs is reversed and this case is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

STOUDER, P.J., and BARRY, J., concur.