**PYRAMID CONTROLS, INC., Plaintiff,**

v.

**SIEMENS INDUSTRIAL AUTOMATIONS, INC., et al., Defendants.**

No. 97 C 3596.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 23, 1997.

Gary W. Leydig, Levin, McParland, Phillips & Leydig, Chicago, IL, for Plaintiff.

John R. Myers, Erik F. Dyhrkopp, Bell, Boyd & Lloyd, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Siemens Industrial Automations, Inc. and Siemens Energy & Automation, Inc.'s (collectively "Siemens") motion to dismiss plaintiff Pyramid Controls, Inc.'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants Siemens' motion to dismiss.

### I. BACKGROUND

Pyramid alleges the following facts which, for the purposes of this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). Siemens manufactures and sells industrial automation products and devices. In 1991, Pyramid entered into two distributor agreements with Siemens. The agreements gave Pyramid the right to offer, sell, and distribute Siemens' products. The agreements provided that Pyramid was to sell the products under a marketing plan. In addition, the agreements required Pyramid to build a high-tech training center and to purchase from Siemens training and demonstration equipment which cost thousands of dollars. On June 14, 1995, Siemens advised Pyramid that Siemens was terminating the distributor agreements and was turning over the entire product line covered by the agreements to a competing distributor.

In January of 1997, during a conversation with its attorney, Pyramid learned for the first time that the distributor agreements created a franchise relationship between Pyramid and Siemens that was protected under the Illinois Franchise Disclosure Act of 1987 (the "IFDA") and that Siemens had violated the IFDA. On May 15, 1997, Pyramid filed this lawsuit against Siemens. Pyramid alleges that Siemens terminated the franchise without good cause in violation of section 705/19 of the IFDA which caused Pyramid to suffer in excess of $75,000 in damages. This court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332, as there exists complete diversity between the parties and the amount in controversy exceeds $75,-000.

Siemens argues that Pyramid's suit should be dismissed for two reasons. First, Siemens contends that Pyramid's suit is time barred by the applicable statute of limitations. Second, Siemens contends that Pyramid's complaint is insufficient to state a cause of action because Pyramid alleges no facts which support the allegation that Siemens terminated the franchise without good cause.

### II. DISCUSSION

#### A. *Legal standard*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

#### B. *Whether the complaint is time barred*

Siemens argues that Pyramid's complaint is time barred by section 705/27 of the IFDA which provides the statute of limitations for IFDA claims. 815 ILCS § 705/27. Section 705/27 provides that a private plaintiff may not bring a cause of action under the IFDA

unless brought before the expiration of 3 years after the act or transaction constituting the violation upon which it is based, the

expiration of one year after the franchisee becomes aware of facts or circumstances reasonably indicating that he may have a claim for relief in respect to conduct governed by this Act, or 90 days after delivery to the franchisee of a written notice disclosing the violation, whichever shall first expire.

815 ILCS § 705/27.

Pyramid filed its complaint on May 15, 1997. Siemens contends that the one-year limitation period bars Pyramid's complaint because Pyramid had knowledge of facts or circumstances reasonably indicating a statutory claim for relief as of June 14, 1995, the date on which Siemens notified Pyramid of the termination. Pyramid responds that it did not have knowledge of a claim for relief until January of 1997 when it learned for the first time, during the course of a conversation with its attorney, that the distributor agreements were a franchise under the IFDA and that Siemens had violated the IFDA.

In order to determine whether Pyramid's complaint was timely filed, the court must determine whether section 705/27 requires that the plaintiff be aware that he may have a cause of action under the IFDA or, alternatively, whether section 705/27 simply requires that the plaintiff be aware that he may have some cause of action. Unfortunately, neither the parties nor this court has found a case directly addressing this issue.

Illinois courts, however, have ruled on the predecessor to the current section 705/27. Before it was amended in 1987, section 705/27 provided that an IFDA claim may not be brought after "the expiration of one year after the discovery of the fact constituting the violation." ILL.REV.STAT. ch. 121½, § 722 (1987). Interpreting this section, the Illinois appellate court held that the one-year time period begins to run once the plaintiff has knowledge of a violation of the IFDA and whether the plaintiff has such knowledge is a "mixed question of law and fact on which laymen are entitled to acquire their first knowledge from an attorney." *Port City Leasing v. Loffredo*, 114 Ill.App.3d 775, 70 Ill.Dec. 560, 562, 449 N.E.2d 907, 909 (1983). The reasoning underlying this holding was

that a plaintiff might not know that he was protected by the IFDA until after he had consulted with an attorney. *Brenkman v. Belmont Marketing, Inc.*, 87 Ill.App.3d 1060, 43 Ill.Dec. 500, 504, 410 N.E.2d 500, 504 (1980).

Effective January 1, 1988, the language of section 705/27 was amended to provide, in pertinent part, that a plaintiff must bring an IFDA claim before "the expiration of one year after the franchisee becomes aware of facts or circumstances reasonably indicating that he may have a claim for relief in respect to conduct governed by this Act." § 705/27. The legislative history of the amendment provides no insight as to what the intended effect of the amended language was. In addition, no Illinois state court has interpreted the new language.

Two Northern District of Illinois opinions concerning section 705/27, however, are instructive. In *Hengel, Inc. v. Hot 'N Now, Inc.*, 825 F.Supp. 1311 (N.D.Ill.1993), defendants moved to dismiss plaintiffs' IFDA claims, arguing that the claims were barred by the one-year limitation period of section 705/27. The court denied defendants' motion to dismiss. First, the court found that there were no facts in the complaint which would indicate that the plaintiffs should have known that defendants' conduct constituted a violation of the IFDA. *Id.* at 1319; *see also Hengel, Inc. v. Hot'n Now, Inc.*, 1995 WL 221869, at *4 (N.D.Ill. Apr.12, 1995) ("The three-year provision—unlike the one-year—does not depend on whether plaintiff knows it has legal recourse."). In addition, while the court found that the language "reasonably indicating" a violation of the IFDA "suggests that facts short of express advice of counsel will start the running of the statute," the court stated that it would not make a "reasonableness" determination solely on the pleadings. *Id.* at 1319.

Similarly, in *Pearle Vision, Inc. v. Shames*, defendants moved to dismiss plaintiffs' IFDA claims, arguing that the claims were barred by the one-year time period of section 705/27. 1994 WL 285068, at *3 (N.D.Ill. June 24, 1994). In rejecting defendants' argument, the court explained that "when [plaintiffs] reasonably should have been aware of their

cause of action is a question of fact not properly resolved [on a Rule 12(b)(6) motion to dismiss]." *Id.*

■ Based on a careful consideration of the above authority, the court rejects Siemens' argument that Pyramid's complaint is time barred by section 705/27's one-year time period. Contrary to Siemens' arguments, it not clear that Pyramid was "aware of facts and circumstances reasonably indicating" that it had a claim for relief under the IFDA prior to May 14, 1996. While the termination of the distributor agreements on June 14, 1995, might have indicated to Pyramid that it had some cause of action against Siemens, the termination did not necessarily "reasonably indicate" a violation of the IFDA. Further, Pyramid specifically alleges that it did not know that it had a claim under the IFDA until the January 1997 conversation with its attorney. (Compl.¶ 17.) Thus, viewing the complaint in the light most favorable to Pyramid, the court finds that it cannot determine at this stage of the litigation that Pyramid's complaint is barred by the one-year time limitation of section 705/27.

## C. *Whether the complaint fails to state a cause of action*

Siemens next argues that Pyramid has failed to state a claim under section 705/19 of the IFDA because Pyramid's allegation that Siemens "terminated the franchise without good cause" is conclusory and unsupported by any factual allegations. Pyramid's response is that the allegation is sufficient to withstand a 12(b)(6) motion to dismiss because it has satisfied notice-pleading standards.

Section 705/19 of the IFDA prohibits a franchisor from terminating a franchise located in Illinois prior to the expiration of its term except for "good cause." 815 ILCS § 705/19(a). Termination without good cause is an essential element of the violation. The statute provides five situations which constitute "good cause." § 705/19(b)-(c). One such situation is where the franchisee fails to comply with the provisions of the franchise agreement and to cure the default within reasonable time. *Id.* "Good cause," however,

is not necessarily limited to the five situations specified in the statute. *Id.*

■ The complaint alleges that Siemens violated section 705/19 of the IFDA when Siemens "terminated the franchise with Pyramid prior to the expiration of its term and without good cause." (Compl.¶ 14(c).) Pyramid's complaint, however, does not allege any facts which either directly or indirectly support the allegation. Notably, the complaint does not assert that none of the five situations enumerated in section 705/19(b)-(c) exist in this case. "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics, Corp.,* 47 F.3d 872, 875 (7th Cir.1995); *Servpro Indus. v. Schmidt,* 905 F.Supp. 475, 480 (N.D.Ill.1995) (dismissing plaintiffs' complaint because plaintiffs failed to plead any facts supporting the conclusory allegation that defendants' terminated plaintiffs' franchise "without good cause"). Therefore, the court finds that Pyramid has failed to plead sufficiently that Siemens terminated the franchise agreement without good cause.

## III. CONCLUSION

For the foregoing reasons, defendants Siemens Industrial Automation, Inc. and Siemens Energy & Automation, Inc.'s motion to dismiss plaintiff Pyramid Controls, Inc.'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. Pyramid's complaint is dismissed without prejudice. Pyramid is given until October 6, 1997, to amend its complaint to allege sufficiently a violation of the Illinois Franchise Disclosure Act. Defendants are given until October 20, 1997, to answer or otherwise plead.